C-1227A2EII. It's commonly known as the OFP charge in immigration parlance, and that charge required the government to produce sufficient evidence to prove by clear and convincing evidence that there was both an order that had the primary purpose of protecting against threats of domestic violence or actual domestic violence, and two, that there was a violation of a portion of an order that involves the protection against credible threats of violence, repeated harassment, or bodily injury. Counsel, I take, is the heart of your argument on the first prong, or is that just the way I'm characterizing it? I mean, which is the government's case weakest in your view? I believe the government's case is weakest, actually, on the evidence produced and the lack of the order itself. The review below was, frankly, improper. What happened There's no doubt there's an order. There is an order. Well, actually, that's a good point. There are orders. If you look closely at the administrative record here on page 493, in the one criminal proceeding alone, there were multiple orders. So does that help or hurt you? That actually helps us, Your Honor, because the problem is the board latched on to the idea that the existence of the State legal provision satisfied 1227. But that's not the question. The question is, what does the order say and what part was violated, and what did the State court say was the violated part? So what specifically was missing in the record? The actual order. The actual release order. So the North Dakota, you know I mean, what's the authority that there can't be, your best authority for that there can't be substitute evidence describing or the situation that led up to the order? I mean, is there an analogous case where we actually require the court document to be certified and submitted, for example? I think that if you survey all the cases that have sustained the immigration court's or board's action, the order is present in the record. It's often present in the record, but I don't know of a case that says it has to be. I don't know that there's a case that absolutely says it has to be. That is correct. I do know, though, the Jules case in 2024 in the Second Circuit reversed because it wasn't there, because there was uncertainty as to what actually the immigration court reviewed. And in this case, the underlying immigration court order is premised on, I looked at, I see there's a there was maybe an order, there was an order, I don't know what it is, and I see there's a violation. But the record only can Your client also testified, correct? Yes, but his testimony is irrelevant, because it's not, the burden is to prove that there was a violation of, that the State actor, the State court, found a violation of a portion of the order. We're not talking about a violation of the order. I'm talking about the existence of the order. Your client testified that there were orders in existence, right? And that is in dispute. I cannot deny that there were orders. The government's exhibits two and three at CAR 493 show that there are orders referenced. The problem is, is that we don't know what the orders are. And because the government is relying on the existence of a statute that empowers the court to issue an order in its own discretion I'm wondering if your client, and I know you didn't represent him at the time where this may have gone very differently, but your client, I'm wondering if your client's testimony in front of the IJ was enough. He talks about, I mean, my question is, one of the requirements is it's a domestic violence order. I mean, your client seems to arguably come close to filling that void in front of the IJ by saying, look, this was a dispute with my wife, she called the police on me, he's got a reference to a knife. You know, if we don't say you need actual copy of the order submitted into the record, why isn't that, why doesn't that meet prong one? The reason it doesn't, Your Honor, is because it still doesn't reflect what the State Court found in relation to the order. It is the State Court's finding of the violation that matters. So that's the violation. Now you're moving on to the second prong. And so going back to the nature of the order, his understanding of the order does not control. It's the order itself. The order must speak for itself. He can't testify to supplant what the district court in North Dakota would have determined. And that's important because Well, he doesn't supplant it. He just made a declaration of statutory interpretation. I think, no, because in this case we can't go into statutory interpretations. But you just said what the statute requires. No, I Why isn't his testimony enough? Because the statute says more is required. The Federal statute requires that the State order actually reflect that it's for the purpose of preventing domestic violence. It's the order must reflect that, not him attesting to his understanding of the order. His interpretation is essentially irrelevant in this case. You're interpreting the Federal statute, which is not Yes, yes. I think that you have to construct the Federal statute here in this case. His interpretation is not irrelevant. It may not be sufficient. But someone saying, here's my understanding of the order, you're saying that's irrelevant? I believe that would be asking too much of a pro se Respondent, in this case, to understand that whether he understood the order and the nature of the purpose of the order. That it was a domestic abuse order with a, like, don't assault or be in contact with your wife. Well What's so complicated about that? Well, the problem with that position, Your Honor, frankly, is that the Board itself recognized that some of the references to the orders, which were not clear which one he's speaking to at the time, the Board backtracked. It reduced the scope of the evidentiary record at the Board level. And so in doing that, his testimony, we can't tell whether he's speaking to the orders that the Board removed from the equation or not. So to focus on his testimony, the problem becomes the Board altered what testimony is actually part of the record implicitly. Whether it knew if the What did the Board, was it based on just the North Dakota statute? Is that the way the Board addressed the first prong of the statute? It did. It realized, and that's what my statement earlier, when they say that the existence of a State legal provision fulfills or satisfies the requirement in itself. And that's where we run into issues, because the plain language of 1227A2EII does not refer to a State statute. It refers to an actual order. It is a review of the order, and it does the order for the intended purpose. And if so, does the violation correlate into the involving protection? Are you aware of any other provision of the INA or related provision that requires an actual submission of an order like this? No. And this would be probably the only provision where we focus almost exclusively on the facts rather than the statutory language, because there isn't an underlying legal standard driving it. And so this is a very unique provision of law. It is intended, granted, to be sweeping, but it does have some guardrails. Even the Board itself has acknowledged in its precedent that there are guardrails. Asking your — answering your question, too, about would there be alternative evidence that could have been offered, I was surprised, frankly, in reviewing this record and making sure I didn't misread something or overlook it, there are plea petitions available. There are plea petitions available that are noted over and over again that there were stipulated pleas. And so if the Court had — you know, the State Court accepted those, if the Federal Government in its removal case had introduced those, that may have actually articulated what part of the order was violated. But they're not in the record. And that's where we fall short. So you're suggesting maybe the order itself is not required? I'm not suggesting — I'm suggesting the order is not mandatory, but it's very difficult to understand the purpose of it. When the State statute does not require an order, it only requires the State judge to consider issuing one. And at that point, the State judge is well within discretion to ordering anything it wants, a common — and because this is not a domestic abuse statute. It's a no general, no context statute. I'm looking at the board's — I didn't recall that the board said nothing about what order it was referring to. That's just wrong. No, it isn't, Your Honor. They specifically said that they — In affirming removability, we do not rely on the convictions under this case and that case. We rely only on convictions for which the documents clearly establish the violations related to a protected order that was issued under a State legal injunction. Specifically, is May 2021 convictions too recited? I mean — Right. But so the problem with that, Your Honor, is that then they relate back to the underlying — They're not in the record for us to determine what the board decided. So the problem becomes — and I don't think the board recognized it at the time. When it — those, though, relate back to orders that are coming from another proceeding. In the other proceeding, the originating proceeding for these orders, there are two orders. There's not one. There's two. On page 483, there are two orders. So what? Because we don't know what they contained or how they changed. The board told us what they did. But the board — We don't go back in and rewrite their opinions. We've said that millions of times. And I truly understand, Your Honor, the problem is that the board is telling you what the orders say without actually having the order. And that's the problem. It says it's referencing orders in the record. There are no orders in the record. I don't — I think the government has conceded the orders are not in the record. So we're — I think it's — — before the board. But you don't dispute that the order existed and that the order was against you? There is an order. I don't know the contents of the order. All I know is it involved Mr. Tia. And his wife. And it was issued — realistically, his wife, yes. And a knife. I don't know that it consisted of a knife, Your Honor. But the — as the I.J. described, the situation giving rise to the issuance of the first order involved a knife. The qualifying crime that would have triggered the State court to have to consider this would have been the crime that was charged with terroristic threats and disorderly conduct. That is correct. So it is a triggering event, probable cause, and that's it. Well, and the I.J. was circumspect about relying on that. I mean, I think the I.J.'s language was, this is what gave rise eventually to the protective order. That's true. It would have been the event that caused it. It wasn't an application in itself by the wife. It's just the State court taking action. Thank you. I've skipped excels at all my time. Thank you. Mr. Cyan. Good morning, Your Honors. May it please the Court, Rodolfo Cyan for the U.S. Attorney General. Turning to the protection order issue,         as Judge Kobes illuminated, the key issue here is whether the first prong of the protection order's removability ground has been met. And we know, based from other cases like the Second Circuit that have already addressed this question, that this removability provision is a broad provision. It's meant to apply in a lot of variety of situations. But only in domestic situations, right? Excuse me. Correct, Your Honor. The BIA was incorrect, right? Referencing the North Dakota statute and drawing a conclusion that this must have satisfied prong one of this Federal statute because it was an order issued under the North Dakota statute. I may be misinterpreting what the BIA said. That was my read of it, and my understanding is that can't be right. Do you disagree with my read or my conclusion? Could Your Honor repeat it one more time? I thought the BIA said, look, this is an order issued under NCCC or NDCC, whatever, therefore the first prong is qualified, basically. It was a short analysis. Correct. That can't be the case because under North Dakota law, under that statutory provision, it need not be domestic. As your friend on the other side said, so the existence of the North Dakota statute and an order issued under that statute is not sufficient for removal proceedings under this section. Is that correct? Correct, Your Honor. So do we have to go to, what else do we have? Is it the petitioner's testimony, period? It's not just the petitioner's testimony. It's also we, just to quickly pivot to the statute, the statute says that there must be a prior charge or arrest for crime of violence, threat of violence, stalking, harassment or sex offense, the prototypical domestic violence conduct we would expect. But we know exactly what crime was underlying the charge that led to the no contact. Charge. Okay. Do we know what the no contact order said? We do not, but we know that the charge that led to the no contact order was twofold, that there was a terrorizing with a deadly weapon, Your Honor alluded to the knife earlier, on a DV victim. Could a North Dakota court issue, for example, an order under this statute to prevent witness tampering? It could, Your Honor. Is that domestic? Would that qualify under the statute? The statute doesn't limit it to a domestic violence context, but we know because we're dealing with a broad INA provision here, that we can look to different sources to find the domestic component, and it's been conceded and testified to that the wife was the person that was involved. So necessarily, when the North Dakota, when the North Dakota court was issuing this no contact order, it was because of prior violence, alleged violence, that had been committed against the wife. So because it's a, because the no contact order is premised on prior conduct as a first step to release. And the basis for our knowledge about the prior conduct, is that the petitioner's testimony alone, or is it the convictions that resulted later? I mean, what is the evidentiary foundation of what you just said? It's the charging document. And this is, even if this was the case, if we were applying the categorical approach, that would be relevant under Shepard. Exactly. It's a non-categorical approach, so it must be, it must be relevant for whatever it shows. Exactly. And it needs to also be understated here, or I'm sorry, overstated that the, this Court has already recognized, albeit in a different context in a loss removability provision, that the circumstance specific approach essentially can look to the statute, the Shepard documents, and any reliable evidence. So we have the statute itself determining that there was a charge of violence. We know based on the complaints what was alleged and the police reports that support them what was alleged. The IJA wasn't as confident as you are, though. Is that fair to say? How so, Your Honor? Well, on knowing what the content, I think the IJA basically hedged on knowing what the content of the protection orders was. Is that a fair reading of the record? And basically said, look, we do know, and it's a hard transcript to read, but we do know, or an order, you know, we do know kind of these facts that predated the issuance of the order, but there's a gap on what the order actually said, and I think the IJA recognized that. Counsel, doesn't the record say that the order prohibited contact within 300 yards? Yes. We know that from the charge, and we know that from the police report that underlies the charge. So, I mean, it's not as if there is no knowledge of what was prohibited. Correct, Your Honor. Yes. And I do want to point out that the Second Circuit, in addressing the first prong, relied entirely on the language of the statute. In the Alvarez case, the prior statute required a charge of any crime against a family member or a household member. We have something way more directed towards the domestic violence realm here. Well, but that was limited to domestic. Is that right? The statute was limited to direct. The North Dakota statute is not limited to domestic relations. Correct. So the statutes are different, but here we have specific facts, you're arguing. That are not contested, that there was a domestic violence victim involved. I'm sorry, domestic victim involved. And as a result, we, recognizing the broad language of the INA provision, we can look to the statute, we can look to any reliable evidence, and it's not been contested whether the evidence on this record can even be admissible. So this, although it's slightly different, the Alvarez case is slightly different, and it's the closest bet, and it's not even relying on any evidence underlying in order to reach the determination. Here, admittedly, we have to rely on the testimony for the domestic piece. Just to be clear, it's the testimony, but it's the order or the convictions? Is that right? What do we all have here to rely on? The — so our position is that the statute itself is enough with the concession about the domestic piece, but we also know the specific crimes that underlined and premised the no-contact order, and then that's sufficient also. Because we know the other crime I didn't get a chance to mention was the disorderly conduct that involved fighting behavior, and that ultimately did lead to a conviction. Under the circumstance-specific approach, we don't — there is no authority to suggest from any circuit that we have to look for a protection order in order to be — in order to define that purpose of a — what the INA requires, the purpose of preventing violent domestic violence threats. I just want to respond quickly to the — my colleague's reliance on the Jules case. That's the Second Circuit unpublished case. There, the issue was whether there was a conviction document to ascertain what provision of the protection order was being violated, because the conviction document didn't address what subsection of the protection order was at issue. I know because I litigated that case. So it didn't turn on whether there was a protection order in the record. It was a completely different issue. I'll just quickly turn to the second part of the prong. We know, based on the statutory language, that this always has to involve a no-contact provision. This isn't a circumstance with, like, another statute where it's a protection order and there's all these different kinds of provisions that can apply. The Board, as my colleague recognized in briefing, has recognized that not all protection order provisions are going to involve the credible threats against violence or repeated harassment, et cetera. But we know here that this is narrower. This is a no-contact order with only no-contact provisions. As such, again, we're meeting this based on the statute alone. But even so, we know what the charges allege that ---- What's the effect of a plea, a guilty plea, in the record or in the documentation that's here? Well, ideally we would have the plea transcript, as my colleague was alluding to earlier. But we know because both of the convictions for the violation had the guilty plea, that it can be surmised that the conduct that's alleged inside the information, which is where it says no 300 yards or no calling or texting, that it was in the case of the conviction. And we didn't have any sort of testimony in this case disputing that as well. I see my time is up. There are no further questions. We rest on the briefing. I think I only have one remark, and it was something to responding to something that was just said, which is the government is telling you what's in the order and then asking you to act upon that. They're alluding to this provision about distance, texting. That's only hints of what the order may contain. You still don't know if there's anything beyond that. And because the record of conviction... Why would that matter? Because it may have other constrictions. I mean, as the record reflects, they had children. And so the state court could have been aware of that. They had common property. The state court could have regulated contact relative to that. And my response to that is that they're telling you what the order says without telling you that you need the order. That can't do that. You actually need the order, Your Honor. You can't do that. That's what's at issue. I respectfully agree. That's why I'm positing that their position that let me tell you what the details of the order are, but without the order. Thank you, Your Honor. Thank you, counsel. Interesting statutory question. It's been well briefed and argued, and we'll take it under advisement.